UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN KUEHD,

           Plaintiff,

    v.

JOSEPH LEHMAN,

           Defendant.

Case No.  C05-5342RJB

REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S I.F.P. APPLICATION

Noted for July 15th, 2005

The court has reviewed petitioner's application for leave to proceed *in forma pauperis* and request for service by U.S. Marshals.  (Doc.1). The court finds and recommends:

(1). Plaintiff's application indicates that has no money currently in his account at the Special Commitment Center, but  he has a monthly income of approximately $400.00, earning approximately $200.00 every other week..

(2). The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a

Report and Recommendation
Page - 1

lawsuit. *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

(3) Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis.* Given, plaintiff's monthly income and status as a resident of SCC, he has not shown that he is unable to pay the full filing fee ($250.00). In light of this recommendation the motion for service by U.S. Marshal should be **DENIED.**

(4) Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 15th, 2005**, as noted in the caption.

DATED this 13th day of June, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

Report and Recommendation
Page - 2